# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER SOLIS,<br><br>        Plaintiff,<br><br>  v.<br><br>COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFFS DEPT., CERES POLICE DEPT, OFFICER PERRY, individually and in his official capacity, OFFICER QUIROZ, individually and in his official capacity,<br><br>        Defendant. | Case No. 1:14-cv-0937----BAM<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

### SCREENING ORDER

Plaintiff Javier Solis ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint, filed on June 19, 2014, is currently before the Court for screening. Plaintiff has consented to magistrate judge jurisdiction. Plaintiff names the County of Stanislaus, Stanislaus County Sheriff's Dept., Ceres Police Dept, Officer Perry, individually and in his official capacity, Officer Quiroz, individually and in his official capacity, and Does 1-50 as defendants.

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding pro se actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff alleges that on December 23, 2013, Plaintiff was riding his bike and made an illegal street crossing.  Officers in a patrol vehicle signaled to him to stop and approached him from behind and eventually struck Plaintiff's bike with the patrol vehicle, trapping him under the front bumper of the patrol vehicle.  (Doc. 1, p.1-2.)  Plaintiff was then dragged out by officers and was hit repeatedly, falsely stating he was resisting, and threatening witnesses.  He alleges that the beating was severe.  Plaintiff alleges he was unlawfully arrested, that the police reports

were fabricated and that witnesses were intimidated. (Doc. 1, p. 11.)

Plaintiff alleges excessive force for running him over and for beating him, unlawful arrest and detention, unlawful search and seizure, and fabrication of evidence.

## **DISCUSSION**

As discussed more fully below, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. Plaintiff will be given leave to amend his complaint. To assist Plaintiff in amending his complaint, the Court provides the following pleading and legal standards that apply to his claims.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; see also *Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's complaint does not clearly set forth the factual allegations underlying his claims. Plaintiff fails to describe specific actions taken by the defendants named in his complaint that violated his constitutional rights. If Plaintiff elects to amend his complaint, he must set forth factual allegations against each named defendant sufficient to state a claim.

### B.   Stanislaus County Sheriff's Department and Ceres Police Department

A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Municipal

departments and sub-units, including police departments, are generally not considered "persons" within the meaning of Section 1983. *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir.2005) (Ferguson, J., concurring) (findings municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *see also Sanders v. Aranas*, 2008 WL 268972, *3 (the Fresno Police Department is not a proper defendant because it is a sub-department of the City of Fresno and is not a person within the meaning of § 1983).

A municipality may not be held responsible for the acts of its employees under a respondent superior theory of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir.1995). Rather, to state a claim for municipal liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *See City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). A claim against a local governmental unit for municipal liability requires an allegation that "a deliberate policy, custom or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir.2007) (citing *Monell*, 436 U.S. at 694–695.)

The Stanislaus County Sheriff's Department and the Ceres Police Department are not proper defendants because they are sub-divisions of a public entity.  Plaintiff also has failed to allege facts demonstrating that the constitutional violations were caused by a deliberate policy, custom or practice of the public entity.  If Plaintiff elects to amend his complaint, he must allege the proper political subdivision and the public entity's policy, custom or practice which violated his constitutional rights.

C. **Official Capacity**

"There is no longer a need to bring official-capacity actions against local government officials, for under *Monell* [ *v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) ] ... local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). Thus, suits against a public entity and its official in his or her official capacity may be duplicative. *See Larez v. City of Los Angeles*, 946

F.2d 630, 646 (9th Cir.1991) ("A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself.") "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citations omitted).

To the extent Plaintiff asserts the Section 1983 claim against officers in their official capacities, such a claim is duplicative of a claim against the public entity that employs the officers. Plaintiff will be given leave to amend to name the proper public entity.

**D. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link Defendants Officer Perry and Officer Quiroz to any constitutional violation. If Plaintiff elects to amend his complaint, Plaintiff must link the actions of these defendants to an alleged deprivation.

### E. Supervisory Liability

To the extent Plaintiff seeks to hold any defendant liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not linked the officers to conduct, and therefore to the extent an officer is a supervisor, Plaintiff must allege the officer was personally involved the alleged Constitutional deprivation or that he instituted a deficient policy.

### F. Excessive Force/Unlawful Arrest/Fabricated Evidence

"Under the Fourth Amendment, officers may only use such force as is 'objectively reasonable' under the circumstances." *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir.2001) (citing Graham v. Conner, 490 U.S. 386, 397 (1989)). The Fourth Amendment's objective reasonableness standard applies. *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). The inquiry is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id.* (citing *Graham*, 490 U.S. at 397) (quotation marks omitted). The nature and quality of the intrusion on Plaintiff's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake. *Id.* (citing *Graham*, 490 U.S. at 397) (quotation marks omitted). Factors may include the severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat to the safety of Defendants or others, and whether

Plaintiff was actively attempting to avoid being subdued or brought under control. *See Gibson,* 290 F.3d at 1198 (citation omitted).

It is unclear whether Plaintiff will be able to state a claim for unlawful arrest/search and seizure or excessive force. *Heck v. Humphrey* may bar any such claims.

In *Heck*, the United States Supreme Court held that a section 1983 claim cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck v. Humphrey*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

"*Heck*, in other words, says if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996). *Heck*, however, does not bar section 1983 claims arising from events that occurred before or after the conduct for which the plaintiff was convicted. *Smith v. City of Hemet*, 394 F.3d 689, 695–96 (9th Cir.2005) (en banc).

In the complaint, Plaintiff states that he was tried and accepted a deal to pending charges arising from the incident. Plaintiff's claims may be barred by *Heck.* The Court cannot determine from the allegations whether the claims are *Heck* barred and therefore leave to amend will be granted. In his amended complaint, Plaintiff should set forth the charges for which he plead guilty, among other clarifications.

Plaintiff also claims that the police falsely reported events and intimidated witnesses. As to these potential claims, the Ninth Circuit has recognized "a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government.*" Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th

Cir.2001); *see also Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir.2010) (relying on Devereaux to hold that a state investigator "who deliberately mischaracterizes witness statements in her investigative report also commits a constitutional violation").

There are many remedies to cure an unconstitutional conviction, but a section 1983 is not one of them, pursuant to *Heck*. Until any conviction is reversed by an appropriate state tribunal, by habeas relief,[1] or in some other manner, a section 1983 claim is not cognizable. Nonetheless, the allegations are sufficiently unclear as to Plaintiff's conviction that amendment should be permitted.

**G.  Leave to Amend**

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Federal Rule of Civil Procedure 10(b). Although Plaintiff does make limited use of numbered paragraphs, Plaintiff fails to limit each numbered paragraph to a single set of circumstances. Plaintiff's paragraphs are long, rambling, and occasionally span multiple dense pages of narrative.

"[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b). Plaintiff does not state his claims in separate counts.

The function of the complaint is not to list every single fact relating to Plaintiff's claims and it is not to list the case law applicable. Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources with attempting to sort any further his claims. Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8.

---

[1] ```
The court notes that Plaintiff is not in custody and therefore relief by
habeas corpus is not appropriate.
```

**CONCLUSION AND ORDER**

Plaintiff's amended complaint violates Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiffs' amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiffs' constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff should omit any case law and case discussion.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a cognizable claim;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint;
3. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **October 10, 2014**           /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE