# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER SOLIS,<br><br>           Plaintiff,<br><br>     v.<br><br>COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFFS DEPT., CERES POLICE DEPT, OFFICER PERRY, individually and in his official capacity, OFFICER QUIROZ, individually and in his official capacity,<br><br>           Defendant. | Case No. 1:14-cv-0937----BAM<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 7)<br><br>THIRTY-DAY DEADLINE |

## **SCREENING ORDER**

Plaintiff Javier Solis ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's First Amended Complaint ("FAC"), filed on November 13, 2014, is currently before the Court for screening. Plaintiff has consented to magistrate judge jurisdiction. In the FAC, Plaintiff names the County of Stanislaus, Deputy Burns, individually and in his official capacity as an Employee of Stanislaus County, Deputy Stevens, individually and in his official capacity as an Employee of Stanislaus County, Officer Daley, individually and in his official capacity as a Sergeant in the Sheriff's Department of Stanislaus County, and Does 1-100 as defendants.

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28

1

U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences.*" Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding pro se actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff alleges he is a former pretrial detainee at the Stanislaus County detention facility. (Doc. 7 p. 2.) Plaintiff brings this civil rights case against the County and individually named law enforcement officials and unnamed management of the jail facility.

Plaintiff alleges that he was viciously and brutally rammed by a patrol vehicle, then run

over by the same vehicle, and then pulled from underneath the vehicle by "the three officers."[1] (Doc. 7 ¶14.) He alleges that that he was then beaten by the officers as he lay on the ground and was struck about the face, head, back, and neck. (Doc. 7, ¶12, ¶14.) Plaintiff alleges he was injured with cuts and bruises from being beaten. (Doc. 7, ¶16.) Plaintiff alleges that all law enforcement officers and management violated his rights to personal safety and "were more than negligent." (Doc. 7 ¶13.)

Count I appears to allege a negligence claim against the "three officers." (Doc. 7 ¶17.) In Count II, Plaintiff alleges that the "three officers" failed to take action to protect Plaintiff from further harm after having injured him. Plaintiff alleges deliberate indifference to providing medical care. (Doc. 7 ¶18-21.) In Count III, Plaintiff alleges that County failed to train the officers in proper use of their authority for beating him up for an infraction. (Doc. 7 ¶25 and 28.)

Plaintiff claims a claim for deliberate indifference to medical care once he arrived at jail and "he agonized numerous days for no viable reason when adequate medical care was prohibited." (Doc. 7 p. 10-11, p. 12.) Plaintiff appears to also allege a claim of failure to protect (Doc. 7 ¶47.) Plaintiff alleges "as a result of Jailers wrongful placement of Plaintiff with his attackers, Plaintiff suffered a brutal physical beating." (Doc. 7 ¶29.) He was placed in a cell with inmates against whom he was to testify and he was beaten up. The names were known by the jailers because the names were on a list. Plaintiff seeks compensatory damages in the amount of $1,000,000 for each claim.

## DISCUSSION

As discussed more fully below, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and 18 and fails to state a cognizable claim. Plaintiff will be given leave to amend his complaint. To assist Plaintiff in amending his complaint, the Court provides the following pleading and legal standards that apply to his claims.

---

[1] In his original complaint, plaintiff alleged Officer Perry, individually and in his official capacity, and Officer Quiroz, individually and in his official capacity, engaged in the wrongful acts. In the FAC, plaintiff alleges the wrongful acts were committed by Deputy Burns, Deputy Stevens, and Officer Daley. Officers Perry and Quiroz are no longer named in the FAC.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; see also *Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's complaint does not clearly set forth the factual allegations underlying his claims. As Plaintiff alleged in his original complaint that two completely different officers beat him up in the same incident. In addition, the allegations in the FAC are unclear as to who did what to Plaintiff. Plaintiff fails to describe specific actions taken by the defendants named in his complaint that violated his constitutional rights; who was involved in the beating; who failed to protect him; who denied medical care, etc. Further, it is unclear the role Officer Daley played in the incident as it appears from other allegations that he is in a supervisory role. Plaintiff's complaint is filled with repetition and generalized statements and lumps all defendants together in the majority of his allegations. If Plaintiff elects to amend his complaint, he must set forth factual allegations against each named defendant sufficient to state a claim.

### B. Federal Rule of Civil Procedure 18

Plaintiff is raising numerous claims based on discrete events against different defendants. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v.*

*Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not assert multiple claims against unrelated defendants in this action. As a basic matter, Plaintiff may not bring claims against defendants for his arrest, while simultaneously pursuing claims against defendants for lack of medical care or failure to protect in the jail facility. Plaintiff seeks to bring claims against officers he alleges unlawfully arrested him and used excessive force. Plaintiff also seeks to bring claims against unknown persons at the jail facility for deliberate indifference to providing medical care after Plaintiff was detained in the facility following his arrest and for failure to protect him once housed in the facility. In his second amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action.

Plaintiff is cautioned that if he fails to make the requisite election regarding which category of claims to pursue and his amended complaint sets forth improperly joined claims, the Court will determine which claims proceed and which will be dismissed. *Visendi v. Bank of America, N.A.*, 733 F.3d 863, 870-71 (9th Cir. 2013).

**C.     Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's FAC is entirely confusing in light of the pleadings in the original complaint. In plaintiff's original complaint, he alleged that Defendants Officer Perry and Officer Quiroz were the officers who engaged in the alleged wrongful conduct.  In the FAC, Plaintiff names new defendants Burns, Stevens and Daley for the same conduct. "A party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'" *Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).

Plaintiff lumps defendants together in certain of his allegations and causes of action.  If Plaintiff elects to amend his complaint, Plaintiff must link the actions of these defendants to an alleged deprivation.  Just as in plaintiff's original complaint, the FAC again repeatedly refers to all defendants collectively and fails to give each defendant notice of the claims against them.

Indeed, it may be that the newly named defendants Burns, Stevens and Daley are supervisory personnel, but the Court cannot determine their role.  Almost all of the allegations within the FAC target "defendants" generally, making it impossible to discern which allegations are targeted against which defendants in this case. Plaintiff's current pleading is impermissibly "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the [defendants] charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Myers v. Winn Law Group, APC*,  2012 WL 5187771, 2  (E.D.Cal. 2012).

**D.  Municipal Liability**

Plaintiff brings  Section 1983 claims against the County of Stanislaus.  A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). A municipality may not be held responsible for the acts of its employees under a respondent superior theory of liability. *Monell v.*

*Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir.1995). Rather, to state a claim for municipal liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *See City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). A claim against a local governmental unit for municipal liability requires an allegation that "a deliberate policy, custom or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir.2007) (citing *Monell*, 436 U.S. at 694–695.)

Plaintiff has failed to allege facts demonstrating that the constitutional violations were caused by a deliberate policy, custom or practice of the public entity. If Plaintiff elects to amend his complaint, he must allege the public entity's policy, custom or practice which violated his constitutional rights. Since claims are improperly joined in the FAC, any amended complaint should state the policy, custom or practice that Plaintiff elects to challenge.

### E. **Official Capacity**

"There is no longer a need to bring official-capacity actions against local government officials, for under *Monell [ v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) ] ... local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). Thus, suits against a public entity and its official in his or her official capacity may be duplicative. *See Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991) ("A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself.") "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citations omitted).

To the extent Plaintiff asserts the Section 1983 claim against officers in their official capacities, such a claim is duplicative of a claim against the public entity that employs the officers. Therefore, Plaintiff's official capacity claims against the deputies, any commanding officers, or medical staff are subject to dismissal as redundant.

### F. Supervisory Liability

To the extent Plaintiff seeks to hold any defendant liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not linked the officers to conduct, and therefore to the extent an officer is a supervisor, Plaintiff must allege the officer was personally involved the alleged Constitutional deprivation or that he instituted a deficient policy. In Plaintiff's original complaint, he alleged that Defendants Officer Perry and Officer Quiroz were the officers who engaged in the alleged wrongful conduct. In the FAC, Plaintiff names new defendants Burns, Stevens and Daley for the same conduct. It may be that the newly named defendants Burns, Stevens and Daley are supervisory personnel, but the FAC is unclear as to their role. If they are supervisors, Plaintiff has not alleged that these Defendants knew of the alleged violations before they occurred and failed to act to prevent them. Plaintiff also has not alleged that these Defendants participated in or directed the violations.

### G.  Excessive Force/Fabricated Evidence

While Plaintiff alleges "deliberate indifference" for the ramming by the patrol car and for being beating, this claim is analyzed under the Fourth Amendment.  "Under the Fourth Amendment, officers may only use such force as is 'objectively reasonable' under the circumstances." *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir.2001) (citing Graham v. Conner, 490 U.S. 386, 397 (1989)).  The Fourth Amendment's objective reasonableness standard applies. *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003).  The inquiry is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id.* (citing *Graham*, 490 U.S. at 397) (quotation marks omitted).  The nature and quality of the intrusion on Plaintiff's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake. *Id.* (citing *Graham*, 490 U.S. at 397) (quotation marks omitted).  Factors may include the severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat to the safety of Defendants or others, and whether Plaintiff was actively attempting to avoid being subdued or brought under control. *See Gibson,* 290 F.3d at 1198 (citation omitted).

Although Plaintiff may be able to state a cognizable excessive force claim against the arresting officers, the inconsistency between the original complaint and the FAC as to the officers precludes finding a cognizable claim.  Further, the FAC violates the rules regarding joinder of claims.  Therefore, Plaintiff may not pursue different claims against different defendants regarding different events in a single action.  Plaintiff will be given leave to cure this deficiency.

As to the allegations of fabricated evidence, the Ninth Circuit has stated that "[c]onspiracy is not itself a constitutional tort under [Section] 1983." *Lacey v. Maricopa Cnty.,* 693 F.3d 896, 935 (9th Cir. 2012). There must always be an underlying constitutional violation. *Id.* Plaintiff has not alleged a constitutional violation related to potential evidence.

### H.  Deliberate Indifference to Serious Medical Needs

Plaintiff alleges two different instances of failure to provide medical care.  Plaintiff alleges deliberate indifference to provide medical care by the officers following the ramming by

the patrol vehicle and beating. Plaintiff also alleges that no medical care was provided once he was taken to the jail. (Doc. 7 ¶34.)

Conditions of confinement claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). However, the Eighth Amendment's deliberate indifference standard sets the minimum standard of care due pretrial detainees. *Id.* at 1120. As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017-18 (9th Cir. 2010); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. *Simmons*, 609 F.3d at 1017-18; *Clouthier*, 591 F.3d at 1242; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons*, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." *Id.* at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff's complaint is filled with conclusory statements, such as assertions of purported knowledge of injuries, which do not provide specific factual information to permit the Court to determine if Plaintiff has stated a plausible claim for relief against the individually named defendants. Plaintiff does not allege that any defendant was aware that a substantial risk of harm existed and failed to act. Indeed, as previously stated, Plaintiff lumps all defendants together without delineating a factual basis for each defendant's potential liability. *See Iqbal*, 556 U.S. at 677 ("each [g]overnment official, his or her title notwithstanding, is only liable for his or her own misconduct"). If Plaintiff elects to amend his complaint, he must set forth specific factual allegations against each defendant.

Plaintiff's allegations are equally conclusory as to the lack of medical care once he arrived at jail. Plaintiff does not allege any factual basis for knowledge of any person that he was in need of medical care. Even so, Plaintiff's complaint violates the rules of joinder and he may not pursue unrelated legal claims against different defendants in a single action.

### I. Fourteenth Amendment – Failure to Protect

Plaintiff alleges that he was beaten while in his cell by other inmates. While the claims of pretrial detainees regarding their conditions of confinement are governed by the Fourteenth Amendment rather than the Eighth Amendment, the same legal standards apply. *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir.2010); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir.2010) (pre-trial detainee's failure-to-protect claim was governed by the same "deliberate indifference" standard as applies under the Eighth Amendment to convicted prisoners); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998) ("Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment ... we apply the same standards.") A prison official cannot be liable for deliberate indifference unless he or she 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Simmons*, 609 F.3d at 1017–18 (citing *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

Plaintiff alleges that the jailers failed to protect him from a beating in his cell. However, Plaintiff does not allege who the Jailers were or any factual basis to support deliberate indifference.[2] Plaintiff's complaint violates the rules of joinder and he may not pursue unrelated legal claims against different defendants in a single action.

### J. Fourteenth Amendment - Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (2001); *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To state an Equal Protection claim, Plaintiff must show that the defendants acted with an intent or purpose to discriminate against him based on membership in a protected class, *Lee*, 250 F.3d at 686; *Barren v. Harrington*, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

Plaintiff fails to state a cognizable claim for violation of the Equal Protection. (Doc. 7 ¶52-53.) Plaintiff does not allege a factual basis that he is a member of a protected group who was treated differently. Plaintiff does not allege the factual basis for being treated differently without a rational relationship to a legitimate state purpose.

### K. State Law Negligence

California law "imposes liability on counties under the doctrine of respondeat superior for acts of county employees; it grants immunity to counties only where the public employee would also be immune." *Cameron v. Craig*, 713 F.3d 1012, 1023 (9th Cir. 2013) (quoting

---

[2] For example, Plaintiff states vague allegations that "threats of retribution were acknowledged to Plaintiff, who then acknowledged same to his Counsel, and then an active role was maintained by the Plaintiff." (Doc. 7 ¶36.) Plaintiff alleges it was stated in "open court" that he was to be protected, but does not state how undefined "Jailers" would have knowledge of the need to protect. On amendment, Plaintiff should state plainly what the facts are, in plain language. And, once again, plaintiff's complaint violates the rules of joinder and he may not pursue unrelated legal claims against different defendants in a single action.

*Robinson v. Solano Cnty.*, 278 F.3d 1007, 1016 (9th Cir. 2002) (en banc)). However, under California law, a public entity is not liable for an injury to any prisoner, subject to limited exceptions. Cal. Gov't Code § 844.6(a)(2). One of the limited exceptions is entity liability under 845.6.

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages*.*" *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003).

Throughout the FAC, Plaintiff refers to negligent conduct. The Court cannot determine which acts Plaintiff claims were negligently performed such that the Court can assess whether a cognizable claim has been stated. Plaintiff makes a reference to "negligence," but he does so in the context of "deliberate indifference." Plaintiff will be granted leave to amend. However, the complaint violates the rules of joinder and he may not pursue unrelated legal claims against different defendants in a single action.

### L. Doe Defendants

Plaintiff states in his amended complaint that he has not yet ascertained the identities of the Doe defendants. The inclusion of Doe defendants under these circumstances is permissible, as Plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of defendants is known through discovery or other means. Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).

### M. **Leave to Amend**

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered

paragraphs, each limited as far as practicable to a single set of circumstances. Federal Rule of Civil Procedure 10(b). Although Plaintiff does make limited use of numbered paragraphs, Plaintiff fails to limit each numbered paragraph to a single set of circumstances. Plaintiff's paragraphs are long, rambling, and occasionally span multiple dense pages of narrative and legal authority.

"[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b). Plaintiff does not state his claims in separate counts.

The function of the complaint is not to list every single fact relating to Plaintiff's claims and it is not to list the case law applicable. Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources with attempting to sort any further his claims. Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8 and 18.

## CONCLUSION AND ORDER

Plaintiff's FAC violates Federal Rule of Civil Procedure 8 and 18 and fails to state a cognizable claim. As noted above, the Court will provide Plaintiff with the opportunity to file a Second Amended Complaint to cure the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

In the Second Amended Complaint, Plaintiff shall state as briefly as possible the facts of the case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes. Plaintiff shall separate his claims, so that it is clear what the claims are and who the defendants involved are. Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights.

Plaintiffs' Second Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiffs' constitutional rights,

*Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Plaintiff should omit any case law and case discussion.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed for failure to state a cognizable claim;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint;
3. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated: **December 15, 2014**          /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE