# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER SOLIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFFS DEPT., CERES POLICE DEPT, OFFICER PERRY, individually and in his official capacity, OFFICER QUIROZ, individually and in his official capacity,<br><br>　　　　Defendant. | Case No. 1:14-cv-0937----BAM<br><br>SCREENING ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 9)<br><br>THIRTY-DAY DEADLINE |

### Screening Order

Plaintiff Javier Solis ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. Plaintiff's Second Amended Complaint ("SAC"), filed on January 7, 2015, is currently before the Court for screening. In the SAC, Plaintiff names the County of Stanislaus, Officer Perry and Officer Quiroz.

### Screening Requirement

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Persons proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  However, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff brings this civil rights case against Stanislaus County, Officers Perry and Quiroz and Does 1-100 for use of excessive force, failure to protect from harm and failure to provide medical treatment.[1]

Plaintiff alleges that Officers Perry and Quiroz rammed their patrol vehicle into the bicycle ridden by Plaintiff, ran over him, trapped him under the front chassis, and then pulled him from underneath vehicle.  Plaintiff alleges that he was beaten by the officers and was struck

---

[1] In his original complaint, Plaintiff alleged that Officers Perry and Quiroz engaged in the wrongful conduct.  In his first amended complaint, Plaintiff alleged that the wrongful acts were committed by Deputy Burns, Deputy Stevens and Officer Daley.  Officer Burns, Deputy Stevens and Officer Daley are not named in the SAC.

repeatedly about the face, head, back and neck.  Plaintiff asserts that he suffered several cuts and bruises.

Count I appears to allege a negligence claim against the County.  In Count II, Plaintiff alleges that officers acted with deliberate indifference to his health and safety by ramming their vehicle into him.  Plaintiff further alleges that the County breached its duty by, among other things, allowing officers to misuse their authority.  Plaintiff also alleges that officers refused to provide Plaintiff with medical attention.  In Count III, Plaintiff alleges that County failed to train the officers in proper use of their authority.  Plaintiff also alleges that "Jailers" wrongfully placed him with an attacker, resulting in a brutal beating.  In Count IV, Plaintiff alleges that he suffered serious physical and emotional damages.

Plaintiff also appears to also allege a claim for failure to protect and a claim for violation of his Equal Protection rights.  (Doc. 9, pp. 14, 18.)  Plaintiff seeks compensatory damages in the amount of $1,000,000 and punitive damages in the amount of $500,000 for each claim.

## DISCUSSION

As discussed more fully below, Plaintiff's SAC fails to comply with Federal Rules of Civil Procedure 8 and 18 and fails to state a cognizable claim.  As Plaintiff is proceeding pro se, he will be given a final opportunity to amend his complaint to cure the identified deficiencies. To assist Plaintiff in amending his complaint, the Court provides the following pleading and legal standards that apply to his claims.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; see also *Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's complaint does not clearly set forth the factual allegations underlying his claims. This is particularly important as Plaintiff alleged in his first amended complaint that three completely different officers beat him up in the same incident. "A party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'" *Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). In addition, the allegations in the SAC are unclear as to which officer is reportedly responsible for which actions or omissions.

As Plaintiff was informed previously, his complaint fails to describe specific actions taken by the defendants named in his complaint that violated his constitutional rights; that is, who rammed him (or his bicycle) with a patrol vehicle, who was involved in the alleged beating, who failed to protect him, who denied him medical care, etc. Plaintiff's complaint is filled with repetition, scattershot factual allegations and generalized statements. Further, Plaintiff continues to lump defendants together in the majority of his claims. If Plaintiff elects to amend his complaint, he must set forth factual allegations against each named defendant sufficient to state a claim. The failure to do so may result in dismissal of this action.

**B.     Federal Rule of Civil Procedure 18**

Plaintiff is raising numerous claims based on discrete events against different defendants. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are

properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not assert multiple claims against unrelated defendants in this action. As a basic matter, Plaintiff may not bring claims against defendants for his arrest, while simultaneously pursuing claims against seemingly different defendants for lack of medical care or failure to protect him from assault while in the jail facility. Plaintiff seeks to bring claims against officers he alleges unlawfully arrested and beat him. Plaintiff also seeks to bring claims against unknown persons at the jail facility for failing to provide medical care after Plaintiff was detained following his arrest and for failure to protect him once housed in the facility. In his third amended complaint, if any, Plaintiff shall choose which of these claims he wishes to pursue in this action.

Plaintiff is cautioned that if he fails to make the requisite election regarding which claims to pursue and his amended complaint sets forth improperly joined claims, the Court will determine which claims proceed and which will be dismissed. *Visendi v. Bank of America, N.A.*, 733 F.3d 863, 870-71 (9th Cir. 2013).

**C.   Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to directly link specific named defendants to certain of his allegations and causes of action. For example, Plaintiff refers to "Officers" or "Jailers," but it is unclear whether he is referencing the named officers in this action or other individuals. If Plaintiff elects to amend his complaint, Plaintiff must link the actions of these defendants to an alleged deprivation. Again, Plaintiff may not assert multiple claims against unrelated defendants, and he must choose which of his claims he wishes to pursue in this action.

### D. Municipal Liability

Plaintiff appears to bring Section 1983 claims against the County of Stanislaus. A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). A municipality may not be held responsible for the acts of its employees under a respondent superior theory of liability. *Monell*, 436 U.S. at 690-91; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir.1995). Rather, to state a claim for municipal liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *See City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). A claim against a local governmental unit for municipal liability requires an allegation that "a deliberate policy, custom or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir.2007) (citing *Monell*, 436 U.S. at 694–695.)

Plaintiff has failed to allege facts demonstrating that the constitutional violations were caused by a deliberate policy, custom or practice of the public entity. If Plaintiff elects to amend his complaint, he must allege the public entity's policy, custom or practice which violated his constitutional rights.

### E. Excessive Force

"Under the Fourth Amendment, officers may only use such force as is 'objectively reasonable' under the circumstances." *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th

Cir.2001) (citing *Graham v. Conner*, 490 U.S. 386, 397 (1989)).  The inquiry is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.  *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003) (citing *Graham*, 490 U.S. at 397).  The nature and quality of the intrusion on Plaintiff's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake.  *Id.*  Factors may include the severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat to the safety of Defendants or others, and whether Plaintiff was actively attempting to avoid being subdued or brought under control.  *See Gibson v. County of Washoe, Nev.,* 290 F.3d 1175, 1197 (9th Cir. 2002) (citation omitted).

Although Plaintiff may be able to state a cognizable excessive force claim against the arresting officers, the SAC violates the rules regarding joinder of claims.  Therefore, Plaintiff may not pursue different claims against different defendants regarding different events in a single action.  Further, Plaintiff does not identify which defendant was responsible for which alleged action, such as ramming him with the patrol car or beating him.  Plaintiff will be given leave to cure these deficiencies.

### F.  Deliberate Indifference to Serious Medical Needs

Plaintiff alleges two different instances of failure to provide medical care.  Plaintiff alleges deliberate indifference to his medical needs by the officers following the ramming by the patrol vehicle and beating.  Plaintiff also alleges that no medical care was provided once he was taken to the jail.

Conditions of confinement claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth Amendment.  *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003).  However, the Eighth Amendment's deliberate indifference standard sets the minimum standard of care due pretrial detainees.  *Id.* at 1120. As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); *Simmons v. Navajo County, Ariz.*, 609 F.3d

1011, 1017-18 (9th Cir. 2010); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. *Simmons*, 609 F.3d at 1017-18; *Clouthier*, 591 F.3d at 1242; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons*, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." *Id.* at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff alleges that he was severely injured, but only identifies "cuts and bruises." Plaintiff's allegations of severe injury are unsupported by factual content. Indeed, it is unclear what injuries Plaintiff sustained—either before or after he was placed in the jail facility--that required any form of treatment. Although Plaintiff suggests that x-rays would have been appropriate, there is no allegation that Plaintiff suffered any broken bones or other injuries that, in fact, required such x-rays or related medical treatment. Additionally, Plaintiff's complaint violates the rules of joinder regarding the two purported incidents involving a failure to provide medical treatment. Plaintiff may not pursue unrelated legal claims against different defendants in a single action.

### G. Fourteenth Amendment – Failure to Protect

Plaintiff alleges that he was beaten while in his cell by other inmates. While the claims of pretrial detainees regarding their conditions of confinement are governed by the Fourteenth Amendment rather than the Eighth Amendment, the same legal standards apply. *Simmons*, 609 F.3d at 1017; *Clouthier*, 591 F.3d at 1242 (pre-trial detainee's failure-to-protect claim was governed by the same "deliberate indifference" standard as applies under the Eighth Amendment to convicted prisoners); *Frost*, 152 F.3d at 1128 ("Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment ... we apply the same standards.")  "A prison official cannot be liable for deliberate indifference unless he or she 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Simmons*, 609 F.3d at 1017–18 (citing Farmer, 511 U.S. at 837)).

Plaintiff alleges that the jailers failed to protect him from a beating in his cell. However, Plaintiff does not allege who the jailers were or any factual basis to support deliberate indifference. Plaintiff's complaint also violates the rules of joinder and he may not pursue unrelated legal claims against different defendants in a single action.

### H. Fourteenth Amendment - Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (2001); *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To state an Equal Protection claim, Plaintiff must show that the defendants acted with an intent or purpose to discriminate against him based on membership in a protected class, *Lee*, 250 F.3d at 686; *Barren v. Harrington*, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon

membership in a protected class.); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

Plaintiff fails to state a cognizable claim for violation of the Equal Protection Clause. Plaintiff does not allege the factual basis for being treated differently without a rational relationship to a legitimate state purpose. His assertions that no other inmate was placed in a confined room after being beaten or was denied medical are not sufficient to state an Equal Protection Claim. There is no indication that defendant acted with an intent to discriminate against Plaintiff.

### I. State Law Negligence

California law "imposes liability on counties under the doctrine of respondeat superior for acts of county employees; it grants immunity to counties only where the public employee would also be immune." *Cameron v. Craig*, 713 F.3d 1012, 1023 (9th Cir. 2013) (quoting *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1016 (9th Cir. 2002) (en banc)). However, under California law, a public entity is not liable for an injury to any prisoner, subject to limited exceptions. Cal. Gov't Code § 844.6(a)(2). One of the limited exceptions is entity liability under 845.6.

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003).

Although Plaintiff makes a reference to "negligence," he does so in the context of his other claims. As such, the Court cannot determine what conduct Plaintiff believes was negligent versus deliberately indifferent versus unreasonable. Plaintiff will be granted leave to amend. However, the complaint violates the rules of joinder and he may not pursue unrelated legal claims against different defendants in a single action.

### J. Leave to Amend

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)

(quoting former Fed. R. Civ. P. 15(a)).  As Plaintiff is proceeding pro se, he will be given a final opportunity to amend his claims to cure the identified deficiencies.

In curing the identified deficiencies, Plaintiff should not attempt to cite statutes or other case law as he has done in the second amended complaint.  Rather, Plaintiff's amended complaint should include additional facts to demonstrate a claim that is plausible on its face.

## **CONCLUSION AND ORDER**

Plaintiff's SAC violates Federal Rules of Civil Procedure 8 and 18 and fails to state a cognizable claim.  As noted above, the Court will provide Plaintiff with the opportunity to file a Third Amended Complaint to cure the identified deficiencies.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

In the Third Amended Complaint, Plaintiff shall state as briefly as possible the facts of the case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes.  For each claim, Plaintiff shall clearly and succinctly state the facts identifying the actions or omissions by each individual defendant that led to a knowing violation of Plaintiff's federal rights.

Plaintiff's Third Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiffs' constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Plaintiff should omit any case law or legal analysis and argument.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's

11

third amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed for failure to state a cognizable claim;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a third amended complaint;

3. <u>If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **July 27, 2015**              /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE