# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER SOLIS,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00937----BAM<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br>(ECF No. 11)<br><br>FOURTEEN-DAY DEADLINE |

### Screening Order

Plaintiff Javier Solis ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. Plaintiff's Third Amended Complaint ("TAC"), filed on August 31, 2015, is currently before the Court for screening. In the TAC, Plaintiff names the City of Ceres Police Department, along with Officers Griebel, Quiroz, Niewenhuis, King and Albonetti in their individual and official capacities.

### Screening Requirement

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is

<1> <1>

<1> <1>

<1> <1>

<1> <1>

<1> <1>

<1> <1>

<1> <1>

<1> <1>

<1> <1>

<1> <1>

<1> <1>

<1> <1>

<1> <1>

<1> <1>

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Persons proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). However, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## **Plaintiff's Allegations**

On or about December 28, 2012, Officer Griebel rammed Plaintiff to the ground as he rode a bicycle, which resulted in Plaintiff and his bicycle being pinned under the patrol car.[1] Officers Quiroz and Griebel forcefully extracted Plaintiff from underneath the patrol car and handcuffed him while repeatedly commanding Plaintiff to quit resisting. After extracting and handcuffing Plaintiff, Officers Quiroz and Griebel raised Plaintiff to a standing position and

---

[1] In his original complaint, Plaintiff alleged that Officers Perry and Quiroz engaged in the wrongful conduct. In his first amended complaint, Plaintiff alleged that the wrongful acts were committed by Deputy Burns, Deputy Stevens and Officer Daley. Officer Burns, Deputy Stevens and Officer Daley were not named in the SAC, and Plaintiff alleged that Officers Perry and Quiroz engaged in wrongful conduct. In the TAC, Plaintiff omits Officer Perry and alleges that certain of the acts were committed by Officer Griebel.

2

dragged him fifteen feet from the patrol car.  Plaintiff asserts that they did so to ensure they would be out of the car's camera ranges.  Officers Quiroz and Griebel slammed Plaintiff to the ground.  Officer Griebel put his knee into Plaintiff's back, applied weight, and proceeded to punch Plaintiff in and about his neck, back of head and shoulders.  Plaintiff was struck between five and fifteen times.  When Officer Griebel stood up, Officer Quiroz took his place and struck Plaintiff in the same manner approximately ten times.

Officers Niewenhuis, King and Albonetti arrived at the scene and observed their fellow officers administering the beating and ignored their duty to intervene.  Plaintiff alleges that these officers had a duty to protect him from the officers that were beating him.  Plaintiff further alleges that Officer King made misstatements in his use of force of report.

Plaintiff further alleges that the City of Ceres Police Department fosters an environment of brutality and officer misconduct.  Plaintiff contends that the city has a large number of complaints for a department its size and at the time of the incident was not investigating complaints in a timely or thorough manner.  Plaintiff also contends that supervisors ignored reports of officers administering beatings on a regular basis and had or should have had knowledge of a group of six officers that acted in concert to rid the community of undesirables.  Plaintiff asserts that a small part of the community was aware of this group, its tactics and their apparent impunity.  Plaintiff alleges that the deliberate inaction of the Police Department let to a policy and environment of unlawful tactics, including false arrests, beatings and other misconduct. Plaintiff further alleges that officials were unreasonably ignorant to these tactics or turned a blind eye.  The Police Department has since terminated several officers for their actions.

Plaintiff seeks compensatory damages in the amount of $500,000 for injuries to his hip, knee and neck, and punitive damages in the amount of $2,000,000.

## Discussion

### A.  Official Capacity Claims

"There is no longer a need to bring official-capacity actions against local government officials, for under *Monell* [*v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) ] ... local government units can be sued directly for damages and injunctive or declaratory relief."

*Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). Thus, suits against a public entity and its official in his or her official capacity may be duplicative. *See Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) ("A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself"). "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 165–66 (citations omitted).

Plaintiff's claim against the officers in their official capacities is duplicative of his claim against the public entity that employs the officers. Therefore, Plaintiff's official capacity claims against the officers are subject to dismissal as redundant.

### B. City of Ceres Police Department

Plaintiff names the City of Ceres Police Department. A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" acting under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70, (1989). However, municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of Section 1983. *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); *see also Sanders v. Aranas*, No. 1:06-CV-1574 AWI SMS, 2008 WL 268972, at *2-3 (E.D. Cal. Jan. 29, 2008) (Fresno Police Department not a proper defendant because it is a sub-department of the City of Fresno and is not a person within the meaning of § 1983).

The City of Ceres Police Department is not a proper defendants and the Court will recommend that it be dismissed from this action. To the extent Plaintiff is attempting to sue the City of Ceres itself, Plaintiff fails to allege facts to demonstrate that the City of Ceres maintained a deliberate policy, custom or practice that was the moving force behind the constitutional

violations. *See City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989) (requiring direct causal link between a municipal policy or custom and the alleged constitutional deprivation; *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (citing *Monell*, 436 U.S. at 694–695 (a claim against a local governmental unit for municipal liability requires an allegation that "a deliberate policy, custom or practice ... was the 'moving force' behind the constitutional violation ... suffered" ). Accordingly, Plaintiff also fails to state a claim against the City of Ceres.

### C. Excessive Force

"Under the Fourth Amendment, officers may only use such force as is 'objectively reasonable' under the circumstances." *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001) (citing *Graham v. Conner*, 490 U.S. 386, 397 (1989)). The inquiry is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003) (citing *Graham*, 490 U.S. at 397). The nature and quality of the intrusion on Plaintiff's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake. *Id.* Factors may include the severity of the incident giving rise to the use of force, whether Plaintiff posed an immediate threat to the safety of Defendants or others, and whether Plaintiff was actively attempting to avoid being subdued or brought under control. *See Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002) (citation omitted).

At the pleading stage, the Court finds that Plaintiff has stated a cognizable excessive force claim against Defendants Griebel and Quiroz.

### D. Failure to Intercede

Police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen. *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). However, officers only can be held liable for failing to intercede only if they had an opportunity to intercede. *Id.* (officers not present at time of shooting could not be held liable for failing to intercede to prevent the shooting).

At the pleading stage, the Court finds that Plaintiff has stated a cognizable claim for failure to intercede against Defendants Niewenhuis, King and Albonetti.

**Conclusion and Recommendation**

Plaintiff states a cognizable Fourth Amendment claim against Defendants Griebel and Quiroz in their individual capacities for excessive force, along with a cognizable claim against Defendants Niewenhuis, King and Albonetti in their individual capacities for failure to intercede. However, Plaintiff fails to state a cognizable claim against the City of Ceres Police Department or City of Ceres. The Court therefore recommends that these defendants be dismissed from this action. As Plaintiff has been provided with multiple opportunities to amend his complaint, the Court does not recommend further leave to amend.

Based on the foregoing, the Clerk of the Court is HEREBY DIRECTED to assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's third amended complaint, filed on August 31, 2015, against Defendants Griebel and Quiroz in their individual capacities for excessive force in violation of the Fourth Amendment and against Defendants Niewenhuis, King and Albonetti in their individual capacities for failure to intercede;

2. Plaintiff's claims against Defendants in their official capacities be dismissed as redundant; and

3. Defendants City of Ceres Police Department and City of Ceres be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 2, 2015**       /s/ Barbara A. McAuliffe
                                 UNITED STATES MAGISTRATE JUDGE