UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| JAVIER SOLIS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF CERES POLICE DEPARTMENT; OFFICER GRIEBEL, (ID NUMBER 363) individually and in his official capacity, OFFICER QUIROZ, (ID NUMBER 656) individually and in his official capacity, OFFICER NIEWENHUIS individually and in his official capacity, OFFICER KING individually and in his official capacity, OFFICER ALBONETTI individually and in his official capacity,<br><br>        Defendants. | CIV. NO. 1:14-937 WBS BAM<br><br>ORDER RE: FINDINGS AND RECOMMENDATIONS |

----oo0oo----

Plaintiff Javier Solis filed this pro se action under 42 U.S.C. § 1983 based on alleged excessive force used against him on December 28, 2012. Because plaintiff is proceeding in forma pauperis, the assigned magistrate judge screened his

1

complaint pursuant to 28 U.S.C. § 1915(e)(2).  The magistrate judge recommended that plaintiff be able to proceed with the claims against the individual officers, but that the claims under Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658 (1978), should be dismissed without leave to amend.  (Docket No. 13.)  Plaintiff filed timely objections to the magistrate judge's recommendation that his Monell claim be dismissed.  (Docket No. 14.)

Because § 1983 does not provide for vicarious liability, a municipality can be liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ."  Monell, 436 U.S. at 693.  Generally, a local government may be held liable under § 1983 under three broad theories: (1) "when implementation of its official policies or established customs inflicts the constitutional injury," id. at 708 (Powell, J. concurring); (2) "for acts of 'omission,' when such omissions amount to the local government's own official policy," Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010); and (3) "when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it," Clouthier, 591 F.3d at 1250 (internal quotation marks and citation omitted).

There can be little doubt that plaintiff attempted to plead a Monell claim in his Third Amended Complaint.  (See Third Am. Compl. ¶ 3 ("The City of Ceres Police department fosters a

2

policy an [sic] environment of brutality and office [sic] misconduct. . . . [T]he deliberate inaction by the Department has led to a policy and environment of unlawful tactics.").)  The Third Amended Complaint includes factual allegations that could support a plausible Monell claim.  (See id. ("The city has a large number of complaints for a department it sized [sic] and at the time of the incident was not investigating complaints in a timely or thorough manor [sic].  Supervisors ignored reports of officers administering beating [sic] on a regular basis and had or should have had knowledge of a group of six officers that acted in concert to rid the community of the 'undesirables'. Small parts of the community were aware of this group, its tactics and the apparent impunity which they acted under, the deliberate inaction by the Department has led to a policy and environment of unlawful tactics. . . . The Ceres Police Department has since terminated several officers for their actions and has reversed may [sic] of the changes made in their reorganization of the last few years.").)

    While these allegations by a pro se plaintiff are sufficient to survive screening at this early stage, the magistrate judge correctly points out that plaintiff has not named the City of Ceres as a defendant.  The court will therefore give plaintiff leave to join the City of Ceres as a defendant in this case.

    IT IS THEREFORE ORDERED that the court ADOPTS the magistrate judge's recommendations that (1) this action proceed on plaintiff's Third Amended Complaint, (Docket No. 11), against defendants Griebel and Quiroz in their individual capacities for

excessive force in violation of the Fourth Amendment and against defendants Niewenhuis, King, and Albonetti in their individual capacities for failure to intercede and (2) plaintiff's claims against those officers in their official capacities be dismissed.

    IT IS FURTHERED ORDERED that plaintiff has thirty days from the date this Order is signed to file a Fourth Amended Complaint joining the City of Ceres as a defendant.  After plaintiff files a Fourth Amended Complaint, the magistrate judge shall enter an order finding service of the City of Ceres appropriate.

Dated:  October 26, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE