UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER SOLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>QUIROZ, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00937-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF DEFENDANTS ALBONETTI AND KING FOR FAILURE TO EFFECTUTATE SERVICE OF PROCESS<br><br>(Docs. 32, 35) |

Plaintiff Javier Solis ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 19, 2014. This action now proceeds on Plaintiff's fourth amended complaint, filed on November 23, 2015, against the City of Ceres and Defendants Griebel and Quiroz for excessive force in violation of the Fourth Amendment and Defendants Niewenhuis, King and Albonetti for failure to intercede.

On January 8, 2016, this Court issued an order directing the United States Marshal to initiate service of process in this action upon Defendants Griebel, Quiroz, Niewenhuis, King, Albonetti and the City of Ceres. Doc. 20. Defendants Griebel, Niewenhuis, Quiroz and the City of Ceres filed answers on March 23, 2016. Docs. 27-30. On March 31, 2016, the United States Marshal filed a return of service unexecuted as to Defendants Albonetti and King. Doc. 32.

1

On April 22, 2016, the Court issued an order to show cause why Defendants Albonetti and King should not be dismissed from this action for failure to effectuate service. Plaintiff was ordered to respond within thirty (30) days from the date of service of the order. Doc. 35. More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). A pro se litigant proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint. *See, e.g., Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). Accordingly, delays or failures to effectuate service attributable to the Marshal are "automatically good cause within the meaning of Rule 4[m].'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

In this case, Plaintiff failed to provide sufficient information to locate Defendants Albonetti and King for service of process. Plaintiff was first ordered to submit documents to effect service on September 30, 2015. Plaintiff submitted the necessary documents on November 3, 2015. Thereafter, on January 8, 2016, the Court directed service by the United States Marshal. The Marshal attempted to serve Defendants Albonetti and King at an address provided by Plaintiff for the City of Ceres Police Department. However, the Marshal was informed that Defendants Albonetti and King were no longer employed at the address provided. The Marshal then filed returns of service unexecuted for Defendants Albonetti and King on March 31, 2016. Doc. 32. Accordingly, in compliance with Rule

4(m), Plaintiff was provided with the opportunity to show cause why Defendants Albonetti and King should not be dismissed from this action and to provide additional information to locate Defendants Albonetti and King. Plaintiff failed to respond to this Court's order and failed to show cause why Defendants Albonetti and King should not be dismissed from this action.

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed against Defendants Albonetti and King, without prejudice, based on Plaintiff's failure to effectuate service of the summons and complaint pursuant to Federal Rule of Civil Procedure 4(m).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within f**ourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 3, 2016**          /s/ Barbara A. McAuliffe          
                                  UNITED STATES MAGISTRATE JUDGE